**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**RAMON HOSEA McGRAW**
**ADC #142102**                                                                                   **PLAINTIFF**

**V.**                                   **CASE NO. 1:15-CV-00035-DPM-BD**

**RAY HOBBS, et al.**                                                                   **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge D.P.

Marshall Jr.  Any party may file written objections to this Recommendation.  Objections

must be specific and must include the factual or legal basis for the objection.  To be

considered, objections must be received in the office of the United States District Court

Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing the record.  By not objecting, parties may waive the right to

appeal questions of fact.

**II.**      **Procedural Background**:

Ramon Hosea McGraw, an inmate housed at the Grimes Unit of the Arkansas

Department of Correction ("ADC"), filed this lawsuit pro se under 42 U.S.C. § 1983.

(Docket entry #1)  Due to Mr. McGraw's litigation history, the Court initially denied the

application to proceed *in forma pauperis* ("IFP"); Mr. McGraw did not allege that he was

in imminent danger of serious physical injury.  (#3)

Mr. McGraw objected to the Court's denial of IFP status and moved for leave to present additional documents to show that he faced imminent danger of serious physical injury based on his housing assignment.  (#8)  After reviewing the additional information that Mr. McGraw provided, the Court concluded that he had alleged facts that, if true, indicated a risk of serious injury.  (#21)  Thus, the Court permitted Mr. McGraw to proceed IFP.

Mr. McGraw's original complaint covered almost three-hundred pages and named more than forty-five Defendants.  Because the complaint was in plain violation of the Federal Rules of Civil Procedure, the Court instructed Mr. McGraw to amend his complaint.  (#15)  He complied by filing a first amended complaint.  (#22)

In his first amended complaint, Mr. McGraw complained only about events that had occurred in the past.  The imminent danger exception to the "three strikes" rule focuses only on the risk of *continuing* or *future* injury, "not on whether the inmate deserves a remedy for past misconduct."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  None of the allegations in the first amended complaint met that requirement.

The Court gave Mr. McGraw another opportunity to amend his complaint, again reminding him that he could proceed IFP only on claims alleging a current risk of immediate harm.  (#23)  In response to the Court's order, Mr. McGraw filed a second amended complaint.  (#30)

Mr. McGraw's second amended complaint is over one-hundred pages long and names fifty-seven Defendants.  After reviewing the second amended complaint, the Court allowed Mr. McGraw to proceed IFP on his claim that Defendants Evans and Banks acted with deliberate indifference to his safety by housing him near inmates who had physically assaulted him.  The Court dismissed Mr. McGraw's other claims. (#48)

On October 27, 2015, the Court held a hearing to receive evidence on several pending motions, including: Mr. McGraw's motion for preliminary injunctive relief; his motion to amend; and his motion for judgment.  (Docket entries #16, #39, #43)  At the conclusion of the hearing, the Court orally denied the motion for preliminary injunctive relief (#16); granted his motion to amend (#39); and denied the motion for judgment (#43).  The Court instructed the Clerk of the Court to file Mr. McGraw's motion to amend (#39) as a supplement to his second amended complaint.

On December 1, 2015, after the hearing, the Court notified the parties that it intended to consider summary judgment on Mr. McGraw's deliberate-indifference claim, under Federal Rule of Civil Procedure 56(f)(3).  (#53)  In its Order, the Court summarized the evidence presented at the hearing and allowed the parties time to respond with evidence showing a genuine dispute as to facts important to the outcome of the case. (#53)  Mr. McGraw responded to the December 1 Order.  (#55)

After considering the undisputed evidence presented at the hearing, as well as Mr. McGraw's response to the Court's December 1 Order, the Court concludes that summary

judgment should be granted in favor of Defendants Evans and Banks and that Mr.

McGraw's deliberate-indifference claim against both should be DISMISSED, with

prejudice.

### III.   Discussion:

#### A.   Standard

In a summary judgment, the court rules in favor of a party before trial.  A party is

entitled to summary judgment if the evidence, viewed in the light most favorable to the

party or parties on the other side of the lawsuit, shows that there is no genuine dispute as

to any fact that is important to the outcome of the case.  FED.R.CIV.P. 56; *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

#### B.   Undisputed Facts

When Mr. McGraw filed his original complaint, he was housed in the general

population at the Grimes Unit of the ADC, 2 barracks.  In April 2015, after being

involved in an altercation with ADC inmate Joshua Miller, Mr. McGraw was moved to 6

barracks.  While housed in 6 barracks, Mr. McGraw was involved in an altercation with

ADC inmate Michael Walley in "chow hall."  Mr. McGraw was then moved to

administrative segregation.[1]

---

[1] Mr. McGraw argues that the Defendants failed to adequately respond to his need
for protection when they failed to move him to administrative segregation after he was
attacked by inmate Miller in March of 2015.  As a result, Mr. McGraw claims, he was

Mr. McGraw claims that Defendants are violating his rights because, in administrative segregation, he is housed near other inmates who have threatened him.  He seeks to be placed in "protective custody" rather than in administrative segregation; he also requests that more inmates be placed on his "enemy alert list."[2]

It is undisputed that, at the time of the hearing, the ADC listed five inmates on Mr. McGraw's "offender separation list."  At the time of the hearing, only four of those inmates were still in the ADC: inmate Doby, at the East Arkansas Regional Unit; inmate Franklin, at the Maximum Security Unit; inmate Miller, at the Supermax Unit; and inmate Walley, at the Grimes Unit, where Mr. McGraw is held.

Mr. McGraw requested that the ADC place other inmates on his inmate separation list, but those requests were denied, either because investigations revealed no cause for adding other inmates to list or because Mr. McGraw's requests were too general.  For example, Mr. McGraw indicated that certain gangs have threatened him, but ADC investigations revealed those allegations to be unfounded.

---

later attacked by inmate Walley.  As noted, however, in this lawsuit, Mr. McGraw is proceeding only on claims that Defendants Evans and Banks acted with deliberate indifference to his safety by housing him near certain other inmates.

[2] At the hearing, Defendant Banks explained that the term "offender separation list" is more commonly used than the term "enemy alert list."  If an inmate is listed on another inmate's separation list, they may be housed in the same ADC unit.  If an inmate is listed on another inmate's "enemy alert list," they may not be housed in the same unit.

In administrative segregation, Mr. McGraw is housed in a one-man cell.  His only contact with other inmates occurs when he is escorted to yard call, sick call, shower call, shave call, or classification review.  When he leaves his cell, Mr. McGraw is restrained and escorted by two ADC officers, as are all inmates housed in administrative segregation.  When one inmate in administrative segregation is being moved, all other inmates remain on lock-down.

Although porters, who are inmates, are assigned various tasks in administrative segregation and have access to the one-man cells, porters are strip-searched before and after they enter administrative segregation.  Notably, Mr. McGraw has never been assaulted by a porter; nor has he alleged that any porter has ever threatened him or that any porter should be placed on his alert or separation list.

Importantly, at the Grimes Unit, no distinction is made between inmates in administration segregation and inmates in protective custody.  Both categories of inmates are housed in one-man cells.  Procedures for moving both categories of inmates are the same.

According to the undisputed testimony at the hearing, Defendant Banks has recently counseled Mr. McGraw regarding his options and discussed his possible parole from prison.  Defendant Banks testified that he will revisit Mr. McGraw's request to be transferred to another ADC unit if Mr. McGraw is not granted parole.

With regard to Defendant Evans, Defendant Banks testified that former Deputy Director Evans was not involved in either Mr. McGraw's housing assignments or for the placement of any inmate on Mr. McGraw's offender-separation list.  Defendant Evans's only involvement with Mr. McGraw was during the grievance process.  Defendant Evans retired from the ADC in September of 2015.

C.     Analysis

Based on the evidence presented, the Court will assume that Mr. McGraw was properly allowed to proceed IFP based on the imminent danger exception to the three-strikes rule.  When considering the merits of his claim, however, Mr. McGraw has not come forward with any evidence that either Defendant was deliberate-indifferent to his safety.

The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates [and] . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832–33, 114 S.Ct. 1970 (1994) (quotations omitted).  But to establish a constitutional violation, Mr. McGraw must show that his incarceration in administrative segregation posed a substantial risk of serious harm (objective component), and that Defendants Banks and Evans actually knew of, but disregarded or were deliberately indifferent to, his safety (subjective component). *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).  Here, the undisputed evidence refutes Mr. McGraw's claim.

First, no distinction is made between inmates assigned to administration segregation and inmates placed in protective custody at the Grimes Unit.  Both categories of inmates are housed in one-man cells.  Procedures for moving both categories of inmates are the same.  Thus, Mr. McGraw's complaint that he should be housed in protective custody instead of administrative segregation is unfounded.

Second, each time Mr. McGraw indicated that an inmate posed a threat to him, that threat was investigated.  Mr. McGraw conceded that he leaves his cell only for shower call, shave call, and classification.  When he leaves his cell, he is restrained and escorted by two ADC officers, as are all other inmates housed in administrative segregation.  During this process all other inmates remain on lock-down.

Third, Defendant Evans was not involved in Mr. McGraw's housing assignments and has now retired from the ADC.

Based on these undisputed facts, no reasonable fact-finder could conclude that either Defendant Banks or Evans acted with deliberate indifference to Mr. McGraw's safety by allowing him to remain housed in administrative segregation.  Without any contradictory evidence, Mr. McGraw has failed to create any genuine dispute of material fact regarding his deliberate-indifference claims.  As a result, Defendants Banks and Evans are entitled to judgment as a matter of law.

IV.   **Conclusion**:

The Court recommends that summary judgment be GRANTED in favor of

Defendants Evans and Banks.  Mr. McGraw's deliberate-indifference claims against

Defendants Evans and Banks should be DISMISSED, with prejudice, and the

Defendants' pending motion to dismiss (#37) should be DENIED, as moot.

DATED this 5th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE